Case 6:24-cv-00043   Document 32   Filed on 06/16/25 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
June 16, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| PAUL HRANITZKY, | § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. 6:24-CV-00043 |
| SYNCHRONY BANK, | § § | |
| Defendant. | § § | |

### ORDER ON MOTION FOR DEFAULT JUDGMENT

This is an action for the alleged violation of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, *et seq*. D.E. 3. While served with the complaint and summoned to appear, Synchrony Bank has failed to appear and answer and the Clerk of Court has entered its default pursuant to Federal Rule of Civil Procedure 55(a). D.E. 29. Before the Court is Plaintiff Paul Hranitzky's motion for default judgment (D.E. 31), filed pursuant to Rule 55(b)(2), against Defendant Synchrony Bank, to which there has been no response. For the reasons set out below, the motion (D.E. 31) is **DENIED**.

### FACTS

Hranitzky defaulted in paying his account with Synchrony Bank, admitting that he "owes to Creditor the total balance of $3,056.59." D.E. 31-1, p. 4. To "settle in full" the account, he agreed to pay $1,834.00. *Id.* This would leave unpaid the remaining undisputed balance of $1,222.59. After Hranitzky timely made his payments totaling $1,834,

Synchrony Bank reported to the credit reporting agencies (CRAs) that his account was in a "Collection/Charge Off" status in the amount of $1,222. D.E. 31-1, pp. 7, 9.

Hranitzky disputed this report with the CRAs. D.E. 31-1, pp. 11-31. Thereafter, "on information and belief," the CRAs gave Synchrony Bank notice of the dispute. Nevertheless, Synchrony Bank has done nothing to correct the status of the account. Hrantzky claims to have suffered damages for hesitancy to apply for any new credit, along with emotional distress in the form of anger and frustration. D.E. 31-1, p. 2.

## CLAIM

Hranitzky claims that Synchrony Bank violated FCRA 1681s-2(b)

> by failing to conduct a reasonable investigation with respect to the information disputed by Plaintiff, by failing to review all relevant information regarding Plaintiff's dispute, by failing to accurately report the results of the investigation to all three CRAs, and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Synchrony's representations to the CRAs.

D.E. 3, p. 9.

## DEFAULT JUDGMENT REQUIREMENTS

Plaintiff is not entitled to default judgment under Rule 55(b)(2) as a matter of right. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). Instead, any relief is committed to the court's sound discretion. *Id*. This discretion is exercised in a context in which "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Id.* (quoting *Sun Bank of Ocala v. Pelican Homestead and Savings Ass'n.*, 874 F.2d 274, 276 (5th Cir. 1989)).

"'The defendant, by his default, admits the plaintiff's wellpleaded allegations of fact . . . .' Thus, the district court takes as true the facts asserted by a plaintiff against a defaulting defendant." *Escalante v. Lidge*, 34 F.4th 486, 492 (5th Cir. 2022) (citing *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). This does not mean that the court is required to turn a blind eye to evidence contrary to the allegations, which is offered with the motion for default judgment. *See generally, Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 500 (5th Cir. 2015) (considering default judgment evidence on liability in addition to the allegations in the pleadings); *Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985) (summary judgment case requiring review of the merits even in a default context).

Facts pled on "information and belief" may support a default judgment when the relevant facts are primarily within the defendant's knowledge and could have been disputed. *Silo Techs., Inc. v. B & R Express, LLC*, No. 4:24-CV-00831, 2024 WL 5036628, at *4 (S.D. Tex. Nov. 20, 2024), *report and recommendation adopted,* 2025 WL 531821 (S.D. Tex. Feb. 18, 2025).

## DISCUSSION

Once a defendant is on notice of a dispute, FCRA 1681s-2(b) requires correction of information that is inaccurate, incomplete, or that cannot be verified. The Court takes as true Hrantitzky's allegations on information and belief that Synchrony Bank was on notice of his dispute regarding the reporting of his account and that it failed to make any changes to that reporting. The Court also accepts that Hranitzky's evidence of the account

settlement agreement and his subsequent payment history is sufficient to verify the status of the account.

What is at issue is whether the account status that Synchrony Bank reported to the CRAs is, in fact, inaccurate or incomplete. Hranitzky's evidence shows that he admitted to owing Synchrony Bank $1,222 more than he paid to "settle in full." Synchrony Bank's report to the CRAs reflects that this remainder was charged off.

> A "charge off" is a term of art for credit providers, understood as writing off a debt as a loss because payment is unlikely. *Charge Off*, Black's Law Dictionary (11th ed. 2019). A "'charge-off' is an internal accounting matter that has no legal significance with respect to the collectability of the debt." *Windsor Mortg. Holdings Ltd. v. Pyron*, No. 2:17-CV-170, 2018 WL 4901072, at *1 (S.D. Tex. Oct. 9, 2018) (citing *Long v. Turner*, 134 F.3d 312, 317-18 (5th Cir. 1998)).

*Thomason v. World Fin.*, No. 1:23-CV-00109-ADA, 2023 WL 4375499, at *3 (W.D. Tex. July 6, 2023), *report and recommendation adopted*, No. 1:23-CV-00109-ADA, 2023 WL 4833482 (W.D. Tex. July 27, 2023). The FCRA allows credit reporting agencies to retain a "charged off notation" on a consumer's credit report for up to seven years. § 1681c(a)(4).

Thus, it would appear that Synchrony Bank's report to the CRAs is neither inaccurate nor incomplete by Hranitzky's evidence. His motion does not include any argument that acceptance of less than the *undisputed* amount of the debt as settlement in full constitutes anything other than a charge off that may be reported accurately to the CRAs. Consequently, the Court **DENIES** the motion for default judgment (D.E. 31).

Because the Court finds that the evidence of record defeats Hranitzky's motion on the issue of liability, the Court need not, and does not, reach the question of whether the evidence of damages was sufficient to support a judgment.

**ORDERED** on June 16, 2025.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE